IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEATRICE HUDSON, | ) | CASE NO. 8:10CV451 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed her Complaint in this matter on December 10, 2010. (Filing No. 1.) She was given leave to proceed in forma pauperis on December 16, 2010. (Filing No. 6.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.    SUMMARY OF COMPLAINT

Plaintiff filed this action against the City of Omaha. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's allegations are difficult to decipher. As best as the court can tell, Plaintiff alleges that the City of Omaha and its police officers have subjected her to racial discrimination because she is a black female. Although Plaintiff lists a series of dates on which this discrimination has occurred (see id. at CM/ECF p. 2), the court can only decipher claims relating to events that occurred on May 20, 2008. On this date, Plaintiff was arrested for trespassing at a Kwik Shop by three white Omaha Police Department officers. (Id. at CM/ECF pp. 5-6.) Plaintiff alleges that the arrest was illegal because the store clerk had given Plaintiff permission to wait at the Kwik Shop for a bus. (Id. at CM/ECF pp. 5-6.) Plaintiff was incarcerated for 30 days on the trespassing charge and was eventually released after a judge found her not guilty of the charge at trial. (Id. at CM/ECF p. 7.) Plaintiff seeks declaratory relief and money damages. (Id. at CM/ECF p. 3.)

## II.	APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.

*West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III. DISCUSSION OF CLAIMS

Plaintiff has sued a municipal defendant. The City of Omaha may only be liable under section 1983 if its official "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By & Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By & Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). To establish the existence of a governmental custom, a plaintiff must prove:

> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by City of Omaha employees, or that the City of Omaha's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct. In addition, Plaintiff does not allege that an unconstitutional

3

custom was the moving force behind her injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" her claims against the City of Omaha across the line from conceivable to plausible under the *Jane Doe* standard.

On its own motion, the court will permit Plaintiff 30 days in which to amend her Complaint to sufficiently allege a claim against the City of Omaha. *Plaintiff is instructed to avoid stating legal arguments and citing cases and statutes in the recitation of her facts*. Failure to consolidate all claims into one document will result in the abandonment of claims. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.[1]

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **April 22, 2011**, to amend her Complaint to clearly state a claim upon which relief may be granted against Defendant in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendant will be dismissed without further notice for failure to state a claim upon which relief may be granted;

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (Filing No. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims;

---

[1] This is at least the thirtieth action filed by Plaintiff in this court in which Plaintiff alleges claims of racial discrimination, racial profiling, conspiracy, and retaliation. Many of these actions have been filed against City of Omaha and its officials. (*See*, *e.g.*, Case Numbers 8:04CV302, 8:04CV333, 8:05CV84, 8:05CV241, 8:05CV270, 8:05CV287, 8:05CV331, 8:05CV428, 8:05CV462, 8:06CV425, 8:06CV563, 8:10CV330.) As Plaintiff has done many times in the past, Plaintiff has provided generalized allegations of racial discrimination, but failed to provide sufficient factual allegations from which an inference of racial animus by Defendant could possibly be gleaned. In light of this, the court reserves the right to rule on whether Plaintiff's claims are malicious under 28 U.S.C. § 1915(e)(2)(B) until after Plaintiff files an amended complaint.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on April 22, 2011; and

4. Plaintiff shall keep the court informed of her current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice**.

DATED this 22nd day of March, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.