IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEATRICE HUDSON, | ) | CASE NO. 8:10CV451 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| CITY OF OMAHA, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on its own motion. On March 22, 2011, this court conducted an initial review of Plaintiff Beatrice Hudson's ("Hudson") Complaint and determined that she had failed to state a claim upon which relief may be granted against Defendant City of Omaha. (Filing No. 17 at CM/ECF p. 4.)

In particular, the court noted that Hudson's allegations were very difficult to decipher. Also, the court determined that because Hudson had sued a municipal defendant, she was required to allege that the City of Omaha's "policy" or "custom" caused a violation of her constitutional rights. (*Id.* at CM/ECF p. 3.) The court gave Hudson until April 22, 2011, to file an amended complaint to sufficiently allege claims against the City of Omaha. (*Id.* at CM/ECF p. 4.)

On April 22, 2011, Hudson filed an Amended Complaint. (Filing No. 18.) However, Hudson's Amended Complaint suffers from the same defects as her original Complaint. That is, her Amended Complaint is very difficult to decipher and, to the extent that the court can decipher it, it consists of generalized allegations of racial discrimination and does not sufficiently allege that the City of Omaha's "policy" or "custom" caused a violation of her constitutional rights. Even under the most liberal construction, Hudson has not set forth enough factual allegations to nudge[] her claims against the City of Omaha across the line

from conceivable to plausible, and her claims must be dismissed for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also* *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  For these reasons, and for the reasons set forth in the court's March 22, 2011, Memorandum and Order, Hudson's Amended Complaint fails to state a claim upon which relief may be granted and it is dismissed in its entirety.

IT IS THEREFORE ORDERED that:

1. Pursuant to 28 U.S.C. § 1915(e)(2)(ii), Hudson's Amended Complaint is dismissed without prejudice because it fails to state a claim upon which relief may be granted;

2. All pending motions are denied as moot; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 12th day of May, 2011.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.